UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL JACINTO, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:17CV809-PPS/MGG ) |
| WARDEN, | ) ) |
| Respondent. | ) ) |

OPINION AND ORDER

Daniel Jacinto, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing in which a Disciplinary Hearing Officer found him guilty of use and/or possession of a cellular telephone in violation of Indiana Department of Correction Policy A-121. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time. *Id.* The Warden has filed the administrative record. Jacinto has not filed a traverse and the time to do so has passed. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). This means that, in the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). This is an exceedingly low standard. Here's how the Seventh Circuit describes it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Jacinto was found guilty of violating IDOC offense A-121 which prohibits inmates from "[u]authorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. According to the charging document, the so-called Conduct Report, here's what Jacinto was alleged to have done:

> 10-15-16, at approximately 7:30 PM, I, Officer M. Tonuc searched offender Jacinto, Daniel #114742 (12B-1B) in his black gym shorts I found a cellular phone (Verizon-Samsung), 3 suboxone strip. I confiscated those contraband with no further incident.

ECF 5-1.

In the two grounds he presents in his petition, Jacinto argues that there were a number of violations of the prison's internal rules or IDOC policies which entitle him to habeas corpus relief. ECF 1 at 2. Specifically, he states that the conduct report should be dismissed because the hearing officer failed to give him State Form 49521, entitled Postponement of Disciplinary Hearing, when the hearing officer continued his hearing on two separate occasions. *Id.* He further claims that the conduct report violates IDOC policy because his offense was improperly "upgraded" from offense B-207 (possession of an electronic device) to offense A-121 (use and/or possession of a cellular telephone) on the report and the report did not include the correct offense code and title of the offense. *Id.*

3

Here's the problem with Jacinto's argument: habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow prison policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Therefore, Jacinto's claims alleging violations of prison rules or IDOC policy cannot be remedied in a habeas corpus petition.

Furthermore, to the extent Jacinto seems to claim his due process rights were violated because he was not properly notified of the offense due to it being mislabeled on the conduct report, he is incorrect on that point. Prisoners are entitled to notice of the basis of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Here, this requirement was met. The detailed conduct report informed Jacinto of the facts sufficient to apprise him that he was being charged with the use and/or possession of a cellular telephone. ECF 5-1. Because the facts contained in the detailed conduct report gave Jacinto all of the information he needed to defend against the charge, his due process rights were not violated. *Hanks*, 326 F.3d at 911.

As a final matter, to the extent Jacinto seems to imply in his petition that there was insufficient evidence for the hearing officer to find him guilty of the use and/or

possession of a cellular telephone, that contention fails.  In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786.  Such is the case here.  In the conduct report, Officer Tonuc detailed his discovery of the cellular telephone in Jacinto's black gym shorts along with other contraband.  ECF 5-1.  A photograph taken of the cellular telephone corroborates the conduct report.  ECF 5-3 at 3.  Given the discovery of the cellular phone in Jacinto's gym shorts coupled with the photographic evidence, there was more than "some evidence" for the hearing officer to find Jacinto guilty of offense A-121.

If Jacinto wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding.  *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009).  However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

Daniel Jacinto's petition for writ of habeas corpus is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED on November 19, 2018.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT